UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW HARRISON,

    Plaintiff,

v.

WELLPATH, WAYNE COUNTY,
RAPHAEL WASHINGTON, BENNY
NAPOLEON, FNU FREEMAN, and
various UNKNOWNS,

    Defendants.
_____/

Case No. 4:22-cv-10187
District Judge Stephanie Dawkins Davis
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION RECOMMENDING THE DISMISSAL OF DEFENDANT BENNY NAPOLEON AND JOHN DOE DEFENDANTS

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. In January of 2022, Plaintiff Matthew Harrison, proceeding *pro se* and *in forma pauperis*, filed a complaint naming Naphcare, 5 Unknown Nurses, Wellpath, Wayne County, Unknown Medical Supervisor/Director, Unknown Grievance Officers, Sheriff Raphael Washington, Deputy Corporal Taylor, Unknown Sergeant, and Unknown

1

Deputies as defendants. The Court issued an order directing service of the complaint by the United States Marshal. (ECF No. 3).

Harrison subsequently filed an amended complaint as of right naming Wellpath, Unknown Dentists, Unknown Dental Assistants/Nurses, Wayne County, Unknown Medical Kite Supervisor/Scheduler, Unknown Grievance Officer – Freeman, Sheriff Raphael Washington, Sheriff Benny Napoleon (deceased), Unknown Social Worker/Scheduler/Nurse, and Unknown Dental/Medical Director as defendants. (ECF No. 7). With the exception of Wellpath and Raphael Washington, Harrison did not provide addresses for the defendants, including: Wayne County, Benny Napoleon, FNU Freeman, and the various "Unknowns".[1]

On March 14, 2022, the undersigned entered an order to show cause directing Harrison to show cause why some of the defendants in this case should not be dismissed for failure to prosecute. (ECF No. 11). In particular, the order directed Harrison to provide "the **full names and addresses** for Wayne County, Benny Napoleon, FNU Freeman, and the various 'Unknowns.' " (*Id.*, PageID.73). On March 30, 2022, Harrison responded to the order to show cause. (ECF No. 14). In his response, he noted that Napoleon was deceased and could therefore be

---

[1] In his March 30, 2022 "letter," Harrison questions why Naphcare was dismissed as a defendant. (ECF No. 14, PageID.79). Naphcare is no longer a defendant in this case because Harrison did not name it as a defendant in his February 26, 2022 amended complaint. *See* ECF No. 7.

2

"dismissed" and provided the addresses for Wayne County and FNU Freeman. (*Id.*, PageID.79).

## II.     Discussion

Based on Harrison's March 30, 2022 response, the order to show cause was dismissed and service was directed on Wayne County and FNU Freeman. (ECF Nos. 15, 16). On April 13, 2022, summonses were issued for Wayne County and FNU Freeman. (ECF No. 17).

Napoleon, who was the Wayne County Sheriff, is deceased. Typically, under Fed. R. Civ. P. 25(d), his successor would be automatically substituted as a party. Here, Napoleon's successor is Raphael Washington. Washington is already a named defendant in this case. Thus, there is no need for substitution. Under this set of circumstances, the undersigned recommends that Napoleon be dismissed as a defendant because he is deceased, and his successor is already a party to this case.

Additionally, in regard to the various Unknowns, the undersigned recommends that they be dismissed without prejudice. "An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed–Bey v. Pramstaller*, No. 06–10934, 2007 WL 2421422, at *2 (E.D. Mich. Aug. 23, 2007). Here, Harrison has

3

named a number of Unknowns as defendants. He says that he hopes to discover the identities of these defendants during the course of discovery, but that he does not presently know their identities. *See* ECF No. 14, PageID.78. If Harrison discovers the identities of the Unknowns during discovery and wants to add them as defendants, he may seek leave to amend his complaint at that time. Accordingly, dismissal of the Unknowns without prejudice is appropriate. *See Mackall v. Doe*, No. Civ.A. 05-60083-AA, 2005 WL 1843449, at *1 (E.D. Mich. July 29, 2005) ("In the present case, because the 'Jane Doe' defendant has never been identified by plaintiff or served with process, plaintiff's civil rights action shall be dismissed without prejudice against this defendant.").

### III. Conclusion

For the reasons stated above, it is RECOMMENDED that Napoleon be DISMISSED WITH PREJUDICE and the Unknowns be DISMISSED WITHOUT PREJUDICE.

Dated: April 18, 2022               s/Kimberly G. Altman
Detroit, Michigan                    KIMBERLY G. ALTMAN
                                         United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2022.

>                          s/Holly A. Ryan
>                          HOLLY A. RYAN, in the absence of
>                          Carolyn M. Ciesla, Case Manager