UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW HARRISON,

    Plaintiff,

v.

NAPHCARE, WELLPATH, WAYNE
COUNTY, RAPHAEL WASHINGTON,
TAYLOR, UNKNOWN MEDICAL
DIRECTOR/SUPERVISOR, UNKNOWN
GRIEVANCE OFFICERS, UNKNOWN
SEARGENT, 2 UNKNOWN DEPUTUES,
and 5 UNKNOWN NURSES,

    Defendants.
_____/

Case No. 4:22-cv-10187
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION TO DISMISS VARIOUS DEFENDANTS WITHOUT PREJUDICE

This is a prisoner civil rights case under 42 U.S.C. § 1983. In January of 2022, plaintiff Matthew Harrison, proceeding *pro se* and *in forma pauperis*, filed a complaint naming Naphcare, Wellpath, Wayne County, Raphael Washington, Taylor, Unknown Medical Director/Supervisor, Unknown Grievance Officers, Unknown Seargent, 2 Unknown Deputies, and 5 Unknown Nurses as defendants. *See* ECF No. 1.

1

The undersigned entered an order to show cause on May 24, 2022, directing Harrison to provide addresses for Taylor, the various "Unknowns," and Wayne County. (ECF No. 30). Thereafter, the undersigned received notice from Harrison changing his address with the Court. (ECF No. 34). The order to show cause, which was sent to his prior address, was then returned to the Court as undeliverable. (ECF No. 35). The undersigned then entered an updated order to show cause and sent it to Harrison's current address of record. (ECF No. 37).

Harrison has now responded to the order to show cause. (ECF No. 39). In his response, he provides the correct address for Wayne County and states that he agrees to dismiss the various Unknowns without prejudice subject to a right to readd them during discovery. Harrison also mentions dismissing "FCU Freeman." However, Freeman is not a named defendant in this case but rather is named in another case filed by Harrison, case no. 22-10335 in which an order attempting service on Freeman and others has been entered. *See* ECF No. 17 in case no. 22-10335. Harrison makes no mention of Taylor.

The undersigned recently entered an order dismissing the order to show cause, which states in relevant part:

> In light of Harrison's response, the order to show cause is DISMISSED. Service will be attempted on Wayne County at the address Harrison has provided. Further, the various Unknown defendants: Unknown Medical Director/Supervisor; Unknown Grievance Officers; Unknown Sargent; 2 Unknown Deputies; and 5 Unknown Nurses are DISMISSED WITHOUT PREJUDICE.

2

> Further, because Harrison did not provide an address for Taylor, Taylor is also DISMISSED WITHOUT PREJUDICE.
>
> At this time, the case continues against Naphcare (in the process of being served), Wellpath (served and counsel has appeared), Wayne County (will be served), and Raphael Washington (served and counsel has appeared). Following service on all of these defendants, the Court will issue a scheduling order.

(ECF No. 40, PageID.194-195).

However, because dismissal of defendants is a dispositive matter, the undersigned must proceed by Report and Recommendation and leave the ultimate decision regarding dismissal to the district court. *See* 28 U.S.C. § 636(b)(1)(B).[1]

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that the court DISMISS WITHOUT PREJUDICE the various Unknown defendants—Unknown Medical Director/Supervisor; Unknown Grievance Officers; Unknown Sargent; 2 Unknown Deputies; and 5 Unknown Nurses—as well as Taylor. If this recommendation is adopted, the case would then proceed against Naphcare (in the process of being served), Wellpath (served and counsel has appeared), Wayne County (will be served), and Raphael Washington (served and counsel has appeared).

Dated: July 13, 2022  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

---

[1] The undersigned has separately issued an order vacating the order dismissing the show case.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2022.

                                                      s/Carolyn Ciesla
                                                      CAROLYN CIESLA
                                                      Case Manager