UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW HARRISON,<br>                Plaintiff,<br><br>v.<br><br>NAPHCARE et al.,<br>                Defendants. | Case No. 22-10187<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER OVERRULING DEFENDANTS WELLPATH AND NAPHCARE'S OBJECTIONS (ECF NOS. 104, 105), SUSTAINING IN PART DEFENDANT WASHINGTON'S OBJECTION (ECF NO. 103), AND OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 102); ADOPTING REPORT AND RECOMMENDATION (ECF NO. 101); AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(ECF NOS. 68, 69, 73)**

## I.    Introduction

Matthew Harrison, a pro se prisoner, filed this civil rights action against defendants in January 2022.[1] ECF No. 1. In the consolidated action, Harrison alleges that defendants Wellpath, NaphCare, Wayne County, Aisha Freeman ("Freeman"), and Sheriff Raphael Washington

---

[1] On June 30, 2023, this case was consolidated with another case filed by Harrison. ECF No. 61; *See Harrison v. Wellpath et al.*, Case No. 22-10335. These actions arise out of Harrison's detention at the Wayne County Jail ("WCJ") while he was a pretrial detainee.

("Washington") were deliberately indifferent to his serious medical needs regarding back pain, mental health medication, and dental issues, and that defendants are liable for state-created danger by placing him with a dangerous cellmate. ECF No. 1; ECF No. 7, Case No. 22-10335. This case was referred to the magistrate judge for all pretrial matters. ECF No. 5.

## II.     Background

On January 27, 2022, Harrison filed his first complaint. This complaint alleged WCJ failed to adequately treat his back pain, regularly deprived inmates of their evening dose of medication, and housed him with a dangerous cellmate who sexually assaulted him. ECF No. 1 (*Harrison I*).

On February 14, 2022, Harrison filed another complaint regarding the conditions of his confinement at WCJ alleging he received inadequate dental care. ECF No. 1, Case No. 22-10335 (*Harrison II*). On May 11, 2022, he filed an amended complaint. *Id.* ECF No. 6. NaphCare moved to consolidate the two cases (ECF No. 57), and the Court granted the motion on June 30, 2023. ECF No. 61. On August 29, 2023, defendants filed their motions for summary judgment. ECF Nos. 68, 29, 73. Harrison filed his response (ECF No. 93) to all three motions and defendants timely replied. ECF Nos. 97, 98, 99.

On February 13, 2024, the magistrate judge issued a Report and Recommendation ("R&R") recommending that defendants' motions be granted in part and denied in part. ECF No. 101. The R&R recommends that defendants are entitled to summary judgment on Harrison's claims regarding medications, back pain, and state-created danger (*Harrison I*), but not his dental health claims (*Harrison II*). *Id.* The R&R also recommends Freeman be granted summary judgment on all claims. *Id*. All parties filed timely objections. ECF Nos. 102-05.

### III.     Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is make." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate

judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted). Objections cannot raise new arguments or issues not presented to the magistrate judge. *Meddaugh v. Gateway Financial Servc.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

### IV. Objections

#### A. *Harrison II* Claims

Harrison alleges that Wellpath, NaphCare, Wayne County, and Washington were deliberately indifferent to his dental health needs while he was incarcerated at WCJ. Specifically, he contends that due to a WCJ

"extraction only" policy[2] at least five of his teeth became unsalvageable. *See* ECF No. 111, PageID.1507. The R&R determined that a prison offering extraction of teeth in need only of fillings is not providing constitutionally adequate care. ECF No. 101, PageID.1429 (citing *Prichard v. Mich. Dep't of Corr.*, 2021 WL 698190, at *2 (E.D. Mich. Feb. 23, 2021)). The R&R found that Harrison indisputably had cavities and broken fillings while at WCJ and that WCJ offered only pain medication and tooth extraction. *Id*. It thus concluded that defendants' motion for summary judgment on Harrison's dental claims must be denied. *Id*. Wellpath, NaphCare, and Washington object to this recommendation. ECF Nos. 103, 104, 105.

### 1. Wellpath/NaphCare

Wellpath and NaphCare filed like objections to the recommendation for Harrison's dental claims. ECF Nos. 104, 105. Accordingly, the Court considers them together.

---

[2] Defendants do not dispute that, according to WCJ policy, surgical extraction was the only procedure offered to Harrison for his decayed teeth and damaged fillings. *See* ECF No. 68-2.

### a. Objection 1

Both Wellpath and NaphCare argue that the R&R erred by analyzing Harrison's allegations against them collectively. ECF Nos. 104, 105. Wellpath provided dental care services until September 30, 2021, and NaphCare took over those services on October 1, 2021, but the R&R makes no distinction between the time periods. *Id*. They contend this error is critical because Harrison "must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Id*. at 1458, 1467 (citing *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012)).

This argument is unavailing because, even if the R&R had parsed the providers by their contractual dates of service and considered Wellpath and NaphCare separately, Harrison sufficiently ascribed independent violative conduct to each of them. Harrison alleged that problems with new cavities and fillings arose in 2019 under Wellpath's watch and all the way through 2023, when NaphCare was in charge. ECF No. 7, PageID.44-46; ECF No. 93, PageID.129; ECF No. 68-3, PageID.638-640. Harrison testified at deposition that in June 2021, under Wellpath's watch, he had cavities which could be remedied with fillings. ECF No. 68-3, PageID.636. He also

Page **6** of **18**

testified that during the five months he was out of WCJ in 2022, he treated with a dentist about five times, addressing the most extensive damage to salvageable teeth first. *Id*. at PageID.638. He was returned to WCJ before he could revisit that dentist for the fillings he needed. *Id*. NaphCare did not provide these fillings when he sought dental treatment upon his return to WCJ. *Id*. This evidence, signifying that Harrison presented with treatable tooth decay before and after NaphCare assumed responsibility for his dental treatment, creates a genuine question of fact as to whether the dental care provided to Harrison by Wellpath and by NaphCare each fell short of constitutional requirements. Accordingly, Wellpath and NaphCare's first objection is overruled.

### b. Objection 2

Wellpath and NaphCare's second objection argues that the WCJ extraction-only policy is constitutional on its face. The R&R rejected that contention, finding that the authority cited to support that conclusion only upheld policies that require extraction in lieu of root canal, not extraction instead of filling or re-filling cavities. Because the objection does not contest this finding, it is overruled.

Wellpath and NaphCare also advance identical objections assailing the R&R's conclusion that WCJ's extraction-only policy was unconstitutional as applied. Specifically, they argue that restrictions imposed by COVID-19 limited the dental procedures available at WCJ. ECF Nos. 104, 105. Wellpath's principal brief references COVID-19 restrictions for invasive procedures in May 2021. *See* ECF No. 73, PageID.846. But neither Wellpath nor NaphCare argued that these restrictions prevented dental care that otherwise would have been provided before advancing that argument in their objections. Accordingly, the Court need not consider this argument because it was never presented to the magistrate judge before she issued the R&R.

Nevertheless, even if Wellpath or NaphCare had preserved their argument by advancing it to the magistrate judge, the argument would fail. As Harrison points out in his response to Wellpath and NaphCare's objection, there is no evidence to support their argument that, but for COVID-19 restrictions, WCJ would have provided fillings or repaired damaged ones. ECF No. 111, PageID.1504. Indeed, defendants have not disputed the contrary evidence that the WCJ dental care policy offers only extraction as a remedy. *See* ECF No. 68-2.

Nor does COVID-19 and its exigencies automatically excuse WCJ from providing the dental treatment otherwise mandated by constitutional standards of necessary care. As Harrison notes, "even in a pandemic, the Constitution cannot be put away and forgotten." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 593 U.S. 14, 19 (2020). If a public health restriction "strike[s] at the very heart" of the Bill of Rights, courts "have a duty to conduct a serious examination of the need for such a drastic measure." *Id*. at 19-20.  Because the magistrate judge was denied the opportunity to conduct such an examination, the Court may not now appropriately conduct one.

Finally, Wellpath and NaphCare's attempt to use COVID-19 to distinguish this case from *Prichard*—upon which the R&R relies to conclude that WCJ's refusal to provide treatment other than extraction for cavities—is also unavailing. 2021 WL 698190. As in this case, the delay or denial of treatment for Prichard's decayed teeth stemmed in part from COVID-19-imposed restrictions. *Id*. The *Prichard* court found that the more than two-year delay of treatment was a cognizable claim for denial of necessary care, notwithstanding that COVID-19 restrictions contributed to that delay. *See id*.

For these reasons, the Court overrules Wellpath and NaphCare's second objection.

### 2. Washington

Washington objects to the R&R, which recommended against dismissing him from the action. Washington argues he should be dismissed because he had no direct personal involvement in Harrison's dental treatment. ECF No. 103. Washington also objects to the R&R's conclusion that he is not entitled to qualified immunity. *Id*.

The R&R does not address Washington's arguments regarding his personal involvement in the alleged violations of Harrison's constitutional rights. The Court agrees with Washington that Harrison did not allege or present evidence of Washington's direct personal involvement with the alleged violations in this case, as is required to defeat a motion for summary judgment on a claim brough against a government official in his individual capacity. *See Phillips v. Roane Cnty.*, 534 F.3d 531, 544 (6th Cir. 2008).

However, Washington may not be dismissed from this case in his official capacity. "[A]n official capacity suit does not require a showing of supervisory liability." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246

(6th Cir. 1989). Suits against an individual in his official capacity must show that the plaintiff's injuries were the result of some "policy or custom" attributable to the municipality. *See id.* at 1256-46. There is no dispute that the dental procedure program at issue here is a demonstrable WCJ policy. On this basis, Harrison's claims against Washington in his official capacity survive Washington's motion for summary judgment.

Accordingly, the Court sustains Washington's objection as it relates to Harrison's claims against him in his individual capacity, and those claims are dismissed. The remainder of the objection is overruled, and Washington remains a defendant in his official capacity only.

### B. *Harrison I* Claims

The R&R recommended defendants' motions for summary judgment be granted on Harrison's claims against Wellpath and NaphCare for deprivation of his psychiatric medications, as well as his claim against NaphCare and Wayne County for housing him with a dangerous cellmate. ECF No. 101, PageID.1420-21, 1429-32.

**1.     Objection 1**

Harrison objects to the R&R's recommendation to dismiss his deprivation of medication claims against NaphCare.[3] ECF No. 102, PageID.1439-41. Harrison asserts that the R&R erred by requiring that he introduce verified medical evidence showing that the alleged denied medical care—here, skipped doses of his medication—caused a serious medical harm. *See* ECF No. 101, PageID.1431 (citing *Daniels v. Tharp*, 2020 WL 13561351, at *3 (6th Cir. 2020)). Harrison argues that his discontinuation syndrome—the symptoms of withdrawal patients suffer from the abrupt interruption to their dosage—is the type of claim that does not require verified medical evidence to establish that his missed medication caused serious harm. ECF No. 102, PageID.1439-41.

Harrison's objection misunderstands the R&R's conclusion regarding Harrison's missed medication doses. The R&R does not recommend dismissal of Harrison's missed medication claims because he failed to introduce required verified medical evidence of his missed doses causing serious medical harm. The R&R agreed with Harrison that "verif[ied] medical evidence is not necessary to survive summary judgment if a

---

[3] Harrison does not object to the recommendation to dismiss this claim against Wellpath. ECF No. 102, PageID.1440.

prisoner exhibits obvious manifestations of pain and injury such that even a layperson would recognize a need for immediate treatment." *Daniels*, 2020 WL 13561351, at *4 (cleaned up). The R&R concluded that evidence of these "obvious manifestations of pain and injury" was lacking. *See* ECF No. 101, PageID.1432. In other words, the R&R did not recommend dismissal of Harrison's missed medication claims because he did not provide an expert witness report or even medical records. Rather, it recommended dismissal because Harrison had not supplied any evidence of his suffering from the withdrawal symptoms which he cataloged in his objection: nausea, disorientation, vertigo, loss of appetite, and head and stomach aches. The Court finds no error in the R&R's analysis and conclusion.

Accordingly, Harrison's first objection is overruled.

**2.   Objection 3**[4]

The R&R recommends dismissing Harrison's claims against defendants for housing him in a cell with a dangerous, unmedicated inmate. Harrison objects to this recommendation because, he argues, it

---

[4] The Court does not consider Harrison's second objection to the magistrate judge's denial of his motion to appoint counsel because it does not relate to this R&R. ECF No. 102, PageID.1441-42; *see* Case No. 4:22-cv-10335, ECF No. 47.

misconstrues his claims as against the individual defendants and not as a *Monell* claim for Wayne County's failure to protect him, a claim which he contends he stated and supported. ECF No. 102, PageID.1442. Harrison's objection ignores the R&R's explicit finding that his complaint failed to allege or show "that there was a policy, practice, or custom of housing detainees with dangerous or unmedicated cellmates" so as to state a viable claim against Wayne County. ECF No. 101, PageID.1420-21.

As part of the objection, however, Harrison also argues that a reasonable jury could find for him on his *Monell* claim for the failure to protect him because WCJ has a custom of housing unmedicated mentally ill inmates with the general population, "resulting in at least two fatalities in the last 10 years, as Mr. Harrison has documented." ECF No. 102, PageID.1443.

To establish *Monell* liability for an alleged violation of a constitutional right, a plaintiff must prove "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance of or acquiescence to federal rights violations." *Stewart v. City of Memphis*, 788

F. App'x 341, 344 (6th Cir. 2019) (cleaned up). To establish that the municipality has ratified illegal actions, a plaintiff may prove that a municipality has a pattern of inadequately investigating similar claims. *Id*. (citing *Leach*, 891 F.2d at 1248). "Importantly, there must be multiple earlier inadequate investigations and they must concern comparable claims." *Id*. at 345.

> To establish a custom of tolerance, a plaintiff must prove
>
> 1) the existence of a clear and persistent pattern of illegal activity; 2) notice or constructive notice on the part of the municipality; 3) the municipality's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and 4) that the municipality's custom was the moving force or direct causal link in the constitutional deprivation.

*Id*. at 346-47. A custom of tolerance claim fails if the plaintiff fails to prove any of the four elements. *Id*. at 347.

As evidence of WCJ's pattern of ratifying or tolerating constitutional violations, Harrison cites at least three other cases in which he claims a WCJ inmate was injured or killed when placed in a cell with an unmedicated schizophrenic cellmate. *See, e.g.*, *Est. of Fahner v. Wayne Cnty.*, 797 F. Supp. 2d 816 (E.D. Mich. 2011), *set aside by* 2012 WL 1134743 (E.D. Mich. Apr. 4, 2012) (inmate was brutally beaten and later

died in 2006 after being placed in a WCJ cell with an unmedicated schizophrenic inmate); *Richko v. Wayne Cnty.*, 819 F. 3d 907 (6th Cir. 2016) (WCJ inmate sustained serious injuries resulting in his death after he was punched, kicked, stabbed with a pencil, and sodomized by his unmedicated, schizophrenic cellmate in 2011); *Burks v. Napoleon*, 2019 WL 13110675 (E.D. Mich. Apr. 8, 2019) (known predatory inmate raped plaintiff-cellmate when housed together in protective custody).

The circumstances in *Burks,* in which an inmate, who was not an unmedicated schizophrenic, attacked a cellmate, are sufficiently different to not be comparable for purposes of establishing a pattern of violative activity. *Fahner* and *Richko*, however, both present similar, albeit more extreme, circumstances to those alleged by Harrison—a general population inmate assaulted when placed in a cell with an unmedicated schizophrenic. Nevertheless, the Court finds that a reasonable jury could not conclude that just two similar occurrences, five years apart and more than ten years before the events alleged here, show a clear and persistent pattern of Wayne County violating inmates' constitutional rights by placing them in cells with unmedicated schizophrenic prisoners. *See Stewart*, 788 F. App'x at 347 (one instance of potential misconduct is insufficient to show a clear

and persistent patter of constitutional violations); *see also Lipman v. Budish*, 974 F.3d 726, 748 (6th Cir. 2020) (six different instances were enough to draw reasonable inference that conduct represented widespread custom known to policymakers); *Smith v. Aims*, 2022 WL 866398, at *8 (E.D. Mich. Mar. 23, 2022) (handful of wrongful incidents over the course of a single day do not create a "clear and persistent pattern"). Nor do these two instances suggest a pattern of multiple inadequately investigated or disciplined claims to establish that Wayne County ratified such illegal actions. Harrison's failure to show a genuine issue of material fact regarding the existence of a clear and persistent pattern of WCJ failing to protect its inmates from unmedicated schizophrenic prisoners defeats his *Monell* claim against Wayne County.

Accordingly, Harrison's final objection is overruled.

**V. Conclusion**

For these reasons, the Court **OVERRULES** defendants Wellpath and NaphCare's objections (ECF Nos. 104, 105), **SUSTAINS IN PART** defendant Washington's objection (ECF No. 103), **OVERRULES** plaintiff's objections (ECF No. 102), **ADOPTS** the R&R (ECF No. 101), and **GRANTS IN PART** and **DENIES IN PART** defendants' motions for

summary judgment (ECF Nos. 68, 69, 73). The *Harrison I* claims, as well as the claims against defendant Freeman are **DISMISSED**. The *Harrison II* claims against defendants NaphCare, Wellpath, Wayne County, and Washington in his official capacity will proceed to trial.

Dated: March 27, 2024

<u>s/ Shalina D. Kumar</u>
SHALINA D. KUMAR
United States District Judge